# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Aljana F. Edwards, Guardian ad Litem for TLC-E, a minor under the age of fourteen years,<br><br>                Petitioner,<br><br>v.<br><br>Continental Tire the Americas, LLC; COSSI Holdings, LLC d/b/a SpeeDee Oil Change and Auto Service and SpeeDee Worldwide Corporation d/b/a SpeeDee Oil Change and Auto Service,<br><br>                Defendants. | ) Civil Action No. 5:14-cv-04567-JMC<br>)<br>)<br>)<br>)<br>)<br>)<br>) **ORDER APPROVING SETTLEMENT**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** comes before the court on the verified Petition of Aljana F. Edwards, as Guardian ad Litem of the minor TLC-E, seeking approval by this court of a proposed confidential settlement agreement between Petitioner and Defendant Continental Tire the Americas, LLC (hereinafter "CTA"). Based on the record and the testimony presented, I make the following findings.

1.      On or about July 19, 2012, in Calhoun County, South Carolina, the minor TLC-E, was involved in an accident while traveling as a passenger in a 1998 Ford Explorer ("Subject Vehicle") operated by Sharhonda Tervell Turnipseed. Petitioner alleged the left rear tire ("Subject Tire") experienced a tread separation, thereby causing the accident. TLC-E, a minor age twelve (12), received physical and psychological injuries as result of this accident.

2. Aljana F. Edwards alleged that the Subject Tire was defective and that the tire failure was a cause of the said accident. The underlying complaint alleges claims against CTA sounding in negligence, strict liability, and breach of warranty.

3. Defendant CTA admits that it manufactured the Subject Tire. However, CTA denies that the injuries suffered by TLC-E were the result of any negligence or recklessness on its part. CTA specifically denies that the Subject Tire was defective and denies liability. CTA, nevertheless, in the interest of compromise, has offered to pay a confidential settlement amount presented to the court to Aljana F. Edwards as Guardian ad Litem of TLC-E, in settlement of any and all claims brought by Aljana F. Edwards, as Guardian ad Litem of TLC-E. The full and final settlement amount to be paid to Aljana F. Edwards, as Guardian ad Litem of TLC-E, is a settlement of all claims against Defendant CTA.

4. Defendant CTA is self-insured in an amount in excess of the settlement reached in this case.

5. I find that Petitioner fully understands that the payments are made to effect a full and final settlement and disposition of any and all claims of Aljana F. Edwards, as Guardian ad Litem of TLC-E, arising, occurring against Defendant CTA, its affiliates, entities, divisions, their respective heirs, agents, apparent agents, servants, shareholders, employees, former employees, officers, board members, and their heirs, predecessors, successors and assigns and all other persons, firms, entities, and insurers, as a result of the injuries referenced above, and any and all injuries which are known at this time or which may later develop.

6.	Petitioner certifies, represents and warrants that any valid subrogation claims/liens in this matter, including any Medicaid and/or Medicare claims/liens, resulting from the injuries to TLC-E, shall be paid from the settlement proceeds.

7.	It appears that Petitioner and Petitioner's attorneys have fully investigated the matter, and that, after giving careful consideration to all aspects of the situation, have concluded that the settlement is fair and advantageous from the standpoint of Aljana F. Edwards, as Guardian ad Litem of TLC-E, and have asked this court to approve the same.

8.	Petitioner is represented by Ronnie L. Crosby, Randolph Murdaugh, IV, R. Alexander Murdaugh and Austin H. Crosby of Peters, Murdaugh, Parker, Eltzroth and Detrick, PA in Hampton, South Carolina and Java O. Warren of the Law Office of Java Warren in Charlotte, North Carolina. Defendant CTA is represented by attorneys from Womble, Carlyle, Sandridge & Rice, LLC and Clyde & Co. US, LLP.

9.	Counsel for Petitioner have rendered services for the minor which include: deposing numerous fact witnesses including investigating officers, occupants of the subject vehicle, and eye witnesses; hiring an accident reconstruction expert, a forensic tire expert with experience in manufacturing and design of tires, an economist to evaluate the economic loss to the minor child, and a life-care planner to evaluate the minor's projected medical treatment relating to the minor's physical and psychological injuries. In addition, counsel for the minor child have conducted extensive written discovery.

10.     In consideration of the above-mentioned legal services performed in this case, counsel for Petitioner are seeking approval of both legal fees totaling 40% of the confidential settlement amount, and costs. I find these amounts to be fair and reasonable.

11.     This action was prosecuted along with seven other cases that arose from the same accident. In the interest of judicial economy, all of the cases were consolidated for discovery purposes. The costs associated with bringing the action was prorated among the different cases. The costs assigned to this individual case are Thirteen Thousand, Four Hundred Thirty-Three and 58/100 ($13,433.58) Dollars for Peters, Murdaugh, Parker, Eltzroth & Detrick, PA and Five Thousand, Four Hundred Eighty-Nine and 39/100 ($5,489.39) Dollars for Law Office of Java O. Warren. I find these amounts to be fair and reasonable.

12.     The parties have provided to the court a Confidential Release, Waiver and Indemnity Agreement on which they have agreed. The court finds the terms of that agreement are fair, reasonable, acceptable, appropriate and in the best interests of the minor TLC-E.

13.     Upon observing and interviewing the parties and their attorneys, I have concluded that the settlement proposed is fair and just and in the best interest of Aljana

F. Edwards, as Guardian ad Litem of TLC-E, and that the same should be approved.

**IT IS, THEREFORE, ORDERED** that Petitioner be, and hereby is, empowered and directed to execute and deliver to CTA or its counsel the Confidential Release Waiver and Indemnity Agreement.

**IT IS FURTHER ORDERED** that the confidential settlement amount presented to the court to be received by Petitioner in full and final settlement of any and all claims of the minor, and attorney's fees and costs are to be paid as set forth above and paid to Aljana F. Edwards as Guardian ad Litem of TLC-E.

**IT IS FURTHER ORDERED** that the net settlement proceeds allocated to the minor TLC-E shall remain in Petitioner's Counsel's Client Trust Account until Aljana F. Edwards as Guardian ad Litem of TLC-E seek this Court for and Order Approving Settlement Allocations for the Sole Purpose and Benefit of minor TLC-E and such Order is granted and filed with this court.

**FURTHER, IT IS ORDERED** all claims asserted or which could have been asserted in the Complaint in this matter shall be forever ended with prejudice against Defendant CTA, its affiliates, divisions, shareholders, and their respective heirs, agents, apparent agents, servants, employees, former employees, insurers, officers, board members, and their heirs, successors and assigns.

**IT IS FURTHER ORDERED** that Petitioner's request for the approval of attorney's fees presented to the court and legal expenses as listed above is hereby approved as fair and reasonable.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 17, 2016
Columbia, South Carolina